IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JIMMY BELUE, et al.                                                                                  PLAINTIFF(S)

v.                                                                          Civil Action No. 2:07cv1004-KS-MTP

WAYNE FARMS, L.L.C., et al.                                                                       DEFENDANT(S)

**consolidated with**

ROBERT THOMAS DUNN, et al.                                                                   PLAINTIFF(S)

v.                                                                          Civil Action No. 2:07cv1005-KS-MTP

WAYNE FARMS, L.L.C., et al.                                                                       DEFENDANT(S)

## ORDER DENYING MOTION FOR SANCTIONS

THIS MATTER is before the court on a motion for sanctions [21] filed by defendant. The basis for the motion is plaintiffs'[1] failure to provide the initial disclosures required by paragraph 4 of Pretrial Order No. 2 [ecf doc. no. 22 in 2:07-md-1872]. Pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure,[2] defendant seeks to exclude any evidence from these plaintiffs that should have been disclosed.

This court has broad discretion to exercise its various sanctioning powers. *Topalian v. Ehrman*, 3 F.3d 931, 934 (5th Cir. 1993); *see also Shipes v. Trinity Indus.*, 987 F.2d 311, 323 (5th Cir. 1993) ("The imposition of [discovery] sanctions is a matter of discretion for the district court.") (citation omitted). Having conferred with the parties during a telephonic status

---

[1] 23 plaintiffs at the Wayne Farms plant in Albertville, Alabama were designated to provide initial disclosures. These plaintiffs are listed in Exhibit 1 to defendant's motion for sanctions [21-2].

[2] This rule states that a party who does not provide initial disclosures as required by Rule 26(a) of the Federal Rules of Civil Procedure is not allowed to use that information on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

conference on September 4, 2008, the court finds that rather than imposing sanctions, it will grant plaintiffs a final extension of time to provide their initial disclosures. Indeed, by separate Order dated September 5, 2008 (ecf doc. no. 35 in 2:07-md-1872), the court has already amended Pretrial Order No. 2 - at defendant's request - to allow plaintiffs until October 1, 2008 to serve their initial disclosures. However, should plaintiffs fail to comply with this new deadline, the issue of sanctions will be revisited. As agreed by the parties during the telephonic status conference, should plaintiffs fail to provide their initial disclosures by October 1, 2008 or otherwise comply with the deadlines in the Order [ecf doc no. 35 in 2:07-md-1872), their claims are subject to dismissal from this action.

IT IS, THEREFORE, ORDERED and ADJUDGED that defendant's motion for sanctions [21] is denied.

SO ORDERED this the 5th day of September, 2008.

s/ Michael T. Parker
United States Magistrate Judge